IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL WASHINGTON | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-12-1004 |
| STATE OF MARYLAND, | * | |
| CIRCUIT COURT FOR BALTIMORE CITY, | * | |
| and KATHLEEN GREEN | * | |
| Respondents | * | |

***

**MEMORANDUM**

Respondents have filed an answer to the above-captioned petition for writ of habeas corpus asserting that petitioner failed to present his claims regarding credit for pre-trial incarceration to appropriate administrative agencies or state courts. ECF No. 3. Specifically respondents state that petitioner filed a habeas corpus petition in the Circuit Court for Baltimore City on August 22, 2011, which was denied on September 30, 2011, and never appealed. Additionally, petitioner filed a complaint with the Inmate Grievance Office (IGO) which dismissed the complaint for failure to exhaust the administrative remedy procedure. Petitioner did not appeal the dismissal.

The exhaustion requirement of 28 U.S.C. § 2254(b) applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 539 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state

courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 497-98 (1973).

It does not appear that petitioner has availed himself of available state remedies. To the extent petitioner is seeking pre-trial credit,[1] he may file a motion to correct illegal sentence "at any time" under Maryland Rule 4-345(a). There is no indication that petitioner has filed such a motion, and the state court has yet to render an opinion regarding his entitlement to the credit he seeks. As such, this court is not permitted to review the merits of his claim.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The court determines that petitioner cannot satisfy the requirements for a certificate of appealability to issue.

Accordingly, by separate order which follows, the petition for writ of habeas corpus shall be dismissed without prejudice.

May 30, 2012  
Date

/s/  
Catherine C. Blake  
United States District Judge

---

[1] The court notes that the transcripts presented with the petition indicate the sentence imposed was made consecutive to any outstanding sentence being served. The sentence was 8 years, all suspended but time served, and petitioner was placed on five years' probation. The confusion arose when petitioner returned on a violation of probation charge. ECF No. 1 at Ex. 2. Thus, the claim does not appear to be a simple matter of crediting petitioner with pre-trial detention time.